**EXHIBIT "A"**

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Sprouts Farmers Market; SF Markets, LLC; SFM LLC; ANTONIO CESPEDES; and Does 1 to 50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Jessie Garcia

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**03/04/2021** at 11:45:59 AM
Clerk of the Superior Court
By Ashley Carini, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO!* Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Diego Superior Court, North County Division, 325 South Melrose Drive, Vista, CA 92081

CASE NUMBER:
*(Número del Caso):*
37-2021-00009724-CU-PO-NC

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Timothy Morgan, Esq., Haffner & Morgan, LLP, 2159 India Street, San Diego, CA 92101, 619.541.8787

DATE: 03/08/2021
*(Fecha)*

Clerk, by A. Carini, Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* SF Markets, LLC
   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☒ other *(specify):* Corporation Code: 17061 (Limited Liability Company)
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CHRISTIAN C. HAFFNER (SBN 248962)
TIMOTHY T. MORGAN (SBN 280054)
HAFFNER & MORGAN LLP
2159 INDIA STREET
SAN DIEGO, CALIFORNIA 92101
P: (619) 541-8787
F: (619) 541-8795

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
03/04/2021 at 11:45:59 AM
Clerk of the Superior Court
By Ashley Carini, Deputy Clerk

Attorneys for PLAINTIFF, JESSIE GARCIA

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO, NORTH COUNTY DIVISION

JESSIE GARCIA,

    Plaintiff,

v.

SPROUTS FARMERS MARKET; SF MARKETS, LLC; SFM LLC; ANTONIO CESPEDES; and DOES 1 to 50,

    Defendants.

CASE NO: 37-2021-00009724-CU-PO-NC

PLAINTIFF'S COMPLAINT FOR DAMAGES FOR: (1) NEGLIGENCE; and (2) PREMISES LIABILITY

PLAINTIFF JESSIE GARCIA alleges the following against Defendants:

### GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

1. Plaintiff JESSIE GARCIA ("PLAINTIFF") is and at all times herein mentioned an individual and resident of the State of California, residing in the County of San Diego.

2. At all times herein mentioned, on information and belief, Defendant SPROUTS FARMERS MARKET was an entity conducting extensive business in the state of California with multiple stores located in San Diego County, California, including the location of the incident, Sprouts Farmers Market, located at 510 W. 13th Avenue, Escondido, CA 92025 (the "SUBJECT STORE").

3. At all times herein mentioned, on information and belief, Defendant SF MARKETS, LLC was a registered corporation in the state of Delaware, and routinely conducts extensive business in the state of California with multiple stores located in San Diego

County, California, including the location of the incident, Sprouts Farmers Market, located at 510 W. 13th Avenue, Escondido, CA 92025 (the "SUBJECT STORE").

4. At all times herein mentioned, on information and belief, Defendant SFM, LLC was an entity conducting extensive business in the state of California with multiple stores located in San Diego County, California, including the location of the incident, Sprouts Farmers Market, located at 510 W. 13th Avenue, Escondido, CA 92025 (the "SUBJECT STORE").

5. At all times herein mentioned, Defendant ANTONIO CESPEDES, on information and belief, was a resident of San Diego County and was an employee of Defendants SPROUTS FARMERS MARKET; SF MARKETS, LLC; SFM, LLC; and Does 1 to 50, and was working in the course and scope of his employment and or agency with Defendants SPROUTS FARMERS MARKET; SF MARKETS, LLC; SFM, LLC; and Does 1 to 50, on the date of the incident of March 13, 2019 at the SUBJECT STORE. On March 13, 2019, Defendant ANTONIO CESPEDES was the manager of the SUBJECT STORE.

6. PLAINTIFF is ignorant of the true names and capacity of Defendants sued herein as DOES 1 through 50, inclusive, and therefore sues these Defendants by such fictitious names. PLAINTIFF will amend this complaint to allege Defendants' true names and capacity when ascertained. PLAINTIFF is informed, believes, and thereon alleges that the fictitiously named Defendants are negligently responsible in some manner for the occurrences herein alleged, and PLAINTIFF's damages as herein alleged were proximately caused by Defendants' negligence.

7. PLAINTIFF alleges that the acts and/or omissions of the Defendants identified herein as DOES 1 through 50, inclusive, were in the course and scope of their employment and were carried out with the knowledge, authorization, permission and/or that their actions were condoned and ratified by their supervisors, managers, superior officers, and/or commanders of Defendants, and each of them.

PLAINTIFF'S COMPLAINT FOR DAMAGES
- 2 -

8. The causes of action stated herein were incurred in the County of San Diego, State of California and are within the jurisdiction of the Superior Court of California.

9. PLAINTIFF is informed, believes, and thereupon alleges that at all relevant times, each Defendant was the agent, employee, representative, partner, parent company, subsidiary, or affiliate of each or all of the other Defendants and was acting, or was acted for, within the authority of such agency, employment, representation, partnership, or corporate affiliation while doing or omitting to do the acts alleged herein and with the permission, approval, consent and/or ratification of all other Defendants. The allegations against each Defendant incorporates by reference the allegations against each Doe Defendant.

10. Defendants, and each of them, at all times had a duty to PLAINTIFF to properly supervise, train and monitor their employees, or the employees of their agents or subcontractors, engaged in the management and operation of said store premises. Defendants also had a duty to ensure compliance with Defendants' operating procedures and to ensure compliance with all applicable industry standards. Defendants failed to properly supervises, train and monitor these employees, or the employees of their agents or subcontractors engaged in the management and operation of said store premises.

## FIRST CAUSE OF ACTION

(Negligence against SPROUTS FARMERS MARKET; SF MARKETS, LLC; SFM LLC; ANTONIO CESPEDES; and DOES 1 to 50)

11. On or about March 13, 2019, PLAINTIFF JESSIE GARCIA was a patron at the SUBJECT STORE. While PLAINTIFF was shopping in the SUBJECT STORE, with no prior knowledge of any unreasonably dangerous hazards present at the store, she reached for a roll of produce bags that was in a dispenser in the produce section of the SUBJECT STORE.

12. Unknown to PLAINTIFF, the roll of produce was in a dangerous condition as it was overhead and unsecured, and without warning said roll of produce bags came loose and fell, striking PLAINTIFF in her head and face, causing PLAINTIFF personal injuries.

13. PLAINTIFF alleges that Defendants, and each of them, breached their reasonable standard of care and duty to PLAINTIFF JESSIE GARCIA by failing to properly manage, supervise, train, and/or monitor their employees, resulting in the employees creating and/or leaving a dangerous condition on the premises of the SUBJECT STORE, which was unreasonably dangerous to PLAINTIFF JESSIE GARCIA.

14. Defendants and each of them, negligently and carelessly failed to exercise the degree of vigilance and care that an ordinary prudent person would under similar circumstances. Defendants' disregard for the safety and welfare of others constitutes a breach of duty of vigilance and due care, and was below the standard of care in the industry. Defendants, and each of them, breached their statutory and common law duties and were the proximate cause of the incident, making them liable to PLAINTIFF for her injuries.

15. At the time of the SUBJECT INCIDENT, Defendant ANTONIO CESPEDES was the manager of the subject store and responsible for the training, store policies and procedures, and conduct of the other employees at the SUBJECT STORE.

16. Defendants, and each of them, were negligent in failing to manage, supervise, train, and/or monitor their employees, and a roll of produce bags and dispenser, that was in a dangerous condition as it was overhead and unsecured, without warning of said roll of produce bags and dispenser, and was below the standard of care for safety and maintenance.

17. The roll of produce bags and dispenser was in an area of the SUBJECT STORE used by numerous patrons of the SUBJECT STORE, including PLAINTIFF, that could be injured by this hazard. Defendants, and each of them, failed to take reasonable and appropriate measures to avoid injury to PLAINTIFF and were negligent in not making any attempt to remedy a dangerous condition of the SUBJECT STORE that was present in an area of heavy traffic and use by patrons of the SUBJECT STORE, by, including but not limited to, securing the roll of produce bags, removing the unsecured roll of produce bags, or posting warning signs in the location of the hazard for patrons to see.

18. As a result of the dangerous condition of property and Defendants' negligence, PLAINTIFF was struck in the head and face by the unsecured roll of produce bags, causing her severe injuries which required medical treatment.

19. As a direct and proximate result of Defendants' negligence, PLAINTIFF was hurt in her health, strength and activity and suffered injuries to her body. PLAINTIFF's injuries continue to cause her great mental and physical pain and suffering.

20. As a further and proximate result of the negligence of which Defendants are liable for, PLAINTIFF is entitled to recover her general, special, actual, and compensatory damages, including, but not limited to, necessary medical and related expenses, as well as for mental, emotional and physical pain and suffering, in amounts presently unknown but together exceeding the minimum jurisdictional limit of this Court and as proven at the time of trial.

## SECOND CAUSE OF ACTION

**(Premises Liability against SPROUTS FARMERS MARKET; SF MARKETS, LLC; SFM LLC; and DOES 1 to 50, inclusive)**

21. PLAINTIFF hereby incorporates all preceding paragraphs as though fully set forth herein.

22. Defendants, and each of them, were the owners, operators, possessors, and/or lessees of the SUBJECT STORE and at all times had a duty of reasonable care to be responsible to maintain the premises in a safe condition for their patrons.

23. Defendants, and each of them, had a duty of reasonable care to safely own, lease, occupy, control, and/or maintain the property where PLAINTIFF was injured and inspect the premises for any dangerous conditions that would interfere with the safety of the public shopping at the SUBJECT STORE.

24. Defendants, and each of them, had a duty to safely own, operate, possess, lease, and/or maintain the property where PLAINTIFF was injured and inspect the premises for any dangerous conditions that would interfere with the safety of the public shopping at the SUBJECT STORE by checking for dangerous items, including but not limited to,

unsecured rolls of produce bags and dangerous and/or defective rolls of produce bags and dispensers, as well as any other dangerous hazards.

25. PLAINTIFF alleges that Defendants, and each of them, negligently created the unreasonably dangerous condition on the property at the SUBJECT STORE by negligently owning, controlling, designing, installing, and constructing a roll of produce bags and dispenser, as well as negligently supervising employees responsible for these tasks, which ultimately causing the roll of produce bags to fall, striking PLAINTIFF's face and head, causing her personal injuries.

26. Defendants, and each of them, at all times had a duty to inspect and maintain the premises and keep safe, including rolls of produce bags and dispensers in the SUBJECT STORE. However, at the time of the incident, Defendants, and each of them, were negligent in inspecting or maintaining the premises for any dangerous conditions. Defendants were also negligent in not making any attempt to remedy the dangerous condition in an area of high customer traffic. No signs were posted warning pedestrians of the hazard involving the roll of produce bags and dispenser.

27. Defendants, and each of them, at all times had a duty of reasonable care to be responsible to maintain the premises in a safe condition for its patrons. Defendants did not place signs or any notifications whatsoever to warn pedestrians of the dangerous hazard involving the roll of produce bags and dispenser. The lack of caution signs caused the hazard to be unnoticeable, creating a dangerous condition.

28. PLAINTIFF alleges that prior to the roll of produce bags striking PLAINTIFF, Defendants, and each of them, had actual and/or constructive notice of the dangerous condition of property that was owned, operated, leased and/or under the exclusive control of Defendants, and each of them.

29. PLAINTIFF alleges that prior to the roll of produce bags striking PLAINTIFF, Defendants, and each of them, had actual and/or constructive notice or should have inspected, cleaned, and/or removed the dangerous condition of property which ultimately struck PLAINTIFF. Defendants had a duty to regularly inspect and maintain the area

inside the SUBJECT STORE to ensure that the premises were safe for all patrons, including PLAINTIFF.

30. PLAINTIFF alleges that prior to the SUBJECT INCIDENT, Defendants, and each of them, created the dangerous condition at the SUBJECT STORE by, including but not limited to, installing and/or stocking the roll of produce bags in a dangerous condition that was overhead and unsecured without warning, or notify customers that the roll of produce bags that struck PLAINTIFF, was hazardous.

31. Defendants, and each of them, had a duty to inspect the premises inside the SUBJECT STORE. However, prior to the roll of produce bags striking PLAINTIFF, Defendants, and each of them, were negligent in inspecting the premises for any dangerous conditions. Defendants were also negligent in not making any attempt to remedy the dangerous hazard at the SUBJECT STORE by, including but not limited to, securing the roll of produce bags, or notifying customers that the roll of produce bags that struck PLAINTIFF, was hazardous.

32. Defendants, and each of them, at all times had a duty of reasonable care to be responsible to maintain the premises in a safe condition for its patrons, including PLAINTIFF. Prior to the SUBJECT INCIDENT, Defendants, and each of them, did not place signs or any notifications near the site of the incident to warn PLAINTIFF of the dangerous hazard on the ground. The lack of caution signs caused the hazard to be unnoticeable, creating a dangerous condition.

33. On or about March 13, 2019, PLAINTIFF was shopping at the SUBJECT STORE. PLAINTIFF had no prior knowledge of the pedestrian hazards present at this location and as a result of the dangerous condition of property and Defendants, and each of their negligence, was struck by a dangerous, overhead and unsecured roll of produce bags and dispenser in the SUBJECT STORE, causing injuries.

34. As a direct and proximate result of Defendants' negligence, PLAINTIFF was hurt in her health, strength and activity, and she suffered injuries to her body. All of this continues to cause PLAINTIFF great mental and physical pain and suffering.

35. As a further direct and proximate result of Defendants' negligence, PLAINTIFF is entitled to recover her general, special, actual and compensatory damages, including, but not limited to, necessary medical and related expenses, as well as for mental, emotional and physical pain and suffering, in amounts presently unknown but together exceeding the minimum jurisdictional limit of this Court and as proven at the time of trial.

**DEMAND FOR JURY TRIAL**

PLAINTIFF hereby demands trial by jury.

WHEREFORE, PLAINTIFF prays for judgment against Defendants, and each of them, as follows:

1. PLAINTIFF's general, special, actual, and compensatory damages as proven at the time of trial;
2. Costs incurred by PLAINTIFF in bringing and maintaining this action;
3. Medical, incidental, and future medical expenses in a sum to be determined at the time of trial;
4. Past and future lost wages in a sum to be determined at the time of trial;
5. Costs of suit herein incurred;
6. Any other and further relief which this Court deems just and proper.

DATED: March 4, 2021                HAFFNER & MORGAN, LLP

_____
Timothy Morgan
Attorney for PLAINTIFF,
JESSIE GARCIA

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: Christian Haffner, Esq. (SBN 248962) Timothy Morgan, Esq. (SBN 280054)<br>Haffner & Morgan, LLP<br>2159 India Street, San Diego, CA 92101 | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: 619.541.8787   FAX NO.: 619.541.8795<br>ATTORNEY FOR *(Name)*: Plaintiff Jessie Garcia | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**03/04/2021** at 11:46:59 AM<br>Clerk of the Superior Court<br>By Ashley Carini, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 325 South Melrose Drive
MAILING ADDRESS: 325 South Melrose Drive
CITY AND ZIP CODE: Vista, CA 92081
BRANCH NAME: North County Division

CASE NAME:
Jessie Garcia v. Sprouts Farmers Market, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER:<br>37-2021-00009724-CU-PO-NC |
|---|---|---|---|
| ☑ Unlimited<br>(Amount demanded exceeds $25,000) | ☐ Limited<br>(Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE: Judge Cynthia A. Freeland<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Construction defect (10) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☑ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse condemnation (14) | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition *(not specified above)* (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties        d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
        issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence           f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify)*: Two
5. This case ☐ is  ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 3/4/21
Timothy T. Morgan, Esq.
(TYPE OR PRINT NAME)                                                           (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability (*not asbestos or toxic/environmental*) (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) (*not civil harassment*) (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      (*not medical or legal*)
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract (*not unlawful detainer or wrongful eviction*)
    Contract/Warranty Breach–Seller
      Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage (*not provisionally complex*) (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment (*non-domestic relations*)
    Sister State Judgment
    Administrative Agency Award
      (*not unpaid taxes*)
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint (*not specified above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-harassment*)
    Mechanics Lien
    Other Commercial Complaint
      Case (*non-tort/non-complex*)
    Other Civil Complaint
      (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition (*not specified above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2021-00009724-CU-PO-NC      CASE TITLE: Garcia vs SPROUTS FARMERS MARKET [IMAGED]

**NOTICE: All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:**
  (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
  (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), *and*
  (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

**Potential Advantages and Disadvantages of ADR**
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

**Potential Advantages**
- Saves time
- Saves money
- Gives parties more control over the dispute resolution process and outcome
- Preserves or improves relationships

**Potential Disadvantages**
- May take more time and money if ADR does not resolve the dispute
- Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable

**Most Common Types of ADR**
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

### Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

### Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 325 S. Melrose <br> MAILING ADDRESS: 325 S. Melrose <br> CITY, STATE, & ZIP CODE: Vista, CA 92081-6695 <br> BRANCH NAME: North County | |
| PLAINTIFF(S): Jessie Garcia | |
| DEFENDANT(S): Sprouts Farmers Market et.al. | |
| SHORT TITLE: GARCIA VS SPROUTS FARMERS MARKET [IMAGED] | |
| **STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER: <br> 37-2021-00009724-CU-PO-NC |

Judge: Cynthia A. Freeland                                      Department: N-27

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)           ☐ Non-binding private arbitration

☐ Mediation (private)                   ☐ Binding private arbitration

☐ Voluntary settlement conference (private)   ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)          ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (*specify e.g., private mini-trial, private judge, etc.*): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: *(Name)* _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____          Date: _____

Name of Plaintiff                                Name of Defendant

Signature                                        Signature

Name of Plaintiff's Attorney                     Name of Defendant's Attorney

Signature                                        Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 03/08/2021                                JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)    **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**    Page: 1

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO** | |
| STREET ADDRESS: 325 S Melrose DRIVE | |
| MAILING ADDRESS: 325 S Melrose DRIVE | |
| CITY AND ZIP CODE: Vista, CA 92081-6695 | |
| BRANCH NAME: North County | |
| TELEPHONE NUMBER: (760) 201-8027 | |

PLAINTIFF(S) / PETITIONER(S): Jessie Garcia

DEFENDANT(S) / RESPONDENT(S): Sprouts Farmers Market et.al.

GARCIA VS SPROUTS FARMERS MARKET [IMAGED]

| **NOTICE OF CASE ASSIGNMENT** and **CASE MANAGEMENT CONFERENCE** | CASE NUMBER: 37-2021-00009724-CU-PO-NC |
|---|---|

## CASE ASSIGNED FOR ALL PURPOSES TO:

Judge: Cynthia A. Freeland                                        Department: N-27

**COMPLAINT/PETITION FILED:** 03/04/2021

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 01/28/2022 | 09:00 am | N-27 | Cynthia A. Freeland |

Due to the COVID-19 pandemic, all hearings will be conducted remotely until further notice. Absent an order of the court, personal appearances at the hearing will not be allowed. For information on arranging telephonic or video appearances, contact CourtCall at (888)882-6878, or at www.courtcall.com. Please make arrangements with CourtCall as soon as possible.

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

COURT REPORTERS: Court reporters are not provided by the Court in Civil cases. See policy regarding normal availability and unavailability of official court reporters at www.sdcourt.ca.gov.

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

Case 3:21-cv-01681-JLS-BGS   Document 1-2   Filed 09/27/21   PageID.31   Page 17 of 17



# Superior Court of California
# County of San Diego

## NOTICE OF ELIGIBILITY TO eFILE
## AND ASSIGNMENT TO IMAGING DEPARTMENT

     This case is eligible for eFiling. Should you prefer to electronically file documents, refer to General Order in re procedures regarding electronically imaged court records, electronic filing, and access to electronic court records in civil and probate cases for rules and procedures or contact the Court's eFiling vendor at www.onelegal.com for information.

     This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed. Original documents should not be filed with pleadings. If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).

     On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program"). As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file. The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website.

     You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150. The paper filing will be imaged and held for 30 days. After that time it will be destroyed and recycled. **Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806.** Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

     It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

     On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words **"IMAGED FILE"** in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

Page: 2